SHARP, W, J.
Robenson appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, asserting newly discovered evidence. We affirm.
This is another defendant who has over-pled his 1994 criminal case beyond the pale of “enough is enough.” Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). His convictions and sentences in that case were affirmed per curiam on appeal. See Robenson v. State, 683 So.2d 501 (Fla. 5th DCA 1996), rev. dismissed, 725 So.2d 1109 (Fla.1998), cert. denied, 526 U.S. 1042, 119 S.Ct. 1341, 143 L.Ed.2d 504 (1999).
Among the various proceedings filed in this court relating to Robenson’s 1994 criminal case are the following:
(1) Denial of Rule 3.850 motion. Affirmed. See Robenson v. State, 778 So.2d 297 (Fla. 5th DCA 2001).
(2) Denial of Rule 3.850 motion. Affirmed. See Robenson v. State, 788 So.2d 987 (Fla. 5th DCA), rev. denied, 794 So.2d 606 (Fla. Aug. 24), cert. denied, — U.S. -, 122 S.Ct. 673, 151 L.Ed.2d 586 (2001).
(3) Appeal of denial of motion for new trial. Dismissed, Robenson v. State, Case No. 01-221 (2/19/01).
(4) Petition for writ of habeas corpus. Denied. Robenson v. State, Case No. 01-1878 (8/1/01).
(5) Denial of Rule 3.800(a) motion. Affirmed. See Robenson v. State, 793 So.2d 971 (Fla. 5th DCA 2001).
(6) Denial of Rule 3.800(a) motion. Affirmed. See Robenson v. State, 826 So.2d 319 (Fla. 5th DCA July 9, 2002).
The current motion is a rambling, unclear, fifty-page document. From what is decipherable, it appears Robenson’s complaints could or should have been known at the time he filed his direct appeal or his first Rule 3.850 motion. They are now successive and improper and constitute an abuse of process. Accordingly, we warn Robenson that if he files an additional proceeding attacking his 1994 criminal judgment, which is also successive and improper, we will bar him from filing any additional matters with this court regarding his 1994 criminal case, unless they are co-signed by an attorney licensed to practice law in this state. See State v. Spencer, 751 So.2d 47 (Fla.1999).
AFFIRMED.
PLEUS and PALMER, JJ., concur.